UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:23-cv-01260-VBF-KS                                    Date: November 4, 2025

Title     _Ahadi Abu-Al Muhammad v. County of Riverside et al._


Present: The Honorable:     Karen L. Stevenson, Chief United States Magistrate Judge


|              Gay Roberson              |            N/A             |
| :---: | :---: |
|              Deputy Clerk              |   Court Reporter / Recorder   |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:


**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**


On June 23, 2023, Plaintiff, a California prisoner proceeding _pro se_ and _in forma pauperis_ ("IFP") filed a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint"). (Dkt. No. 1.)  After extended proceedings involving the adequacy of Plaintiff's IFP request, on March 14, 2024, the Court dismissed the Complaint with leave to amend. (Dkt. No. 16.)  Plaintiff failed to respond and the Court issued an Order to Show Cause re Dismissal.  (Dkt. No. 18.)  After Plaintiff re-emerged and ultimately filed three requests for extensions of time, he filed his First Amended Complaint on October 29, 2024. (Dkt. Nos. 22, 25, 27, 29.)  However, Plaintiff failed to file a complete, signed First Amended Complaint so the Court ordered him to do so. (Dkt. No. 31.)  Plaintiff again failed to respond and the Court issued its second Order to Show Cause re Dismissal.  (Dkt. No. 32.)  On December 6, 2024, Plaintiff filed a complete First Amended Complaint.  (Dkt. No. 35.)  On March 17, 2025, the Court dismissed the First Amended Complaint but again granted Plaintiff leave to amend. (Dkt. No. 41.)

On June 24, 2025, Plaintiff filed his Second Amended Complaint ("SAC"), and on September 15, 2025, the Court dismissed the SAC, again granting "one final opportunity" to amend in the interests of justice because – although SAC included many of the same defects that Plaintiff had been instructed to cure twice before – the Court nevertheless found that amendment would not be entirely futile "for some of Plaintiff's claims." (Dkt. No. 48 at 1, 33.)  The Court directed Plaintiff to file a Third Amended Complaint ("TAC") within 30 days, i.e., on or before October 15, 2025.  (_Id._ at 33.)  The Court also admonished Plaintiff in bold letters "that his failure to timely comply with this Order will result in a recommendation of dismissal." (_Id._ at 34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:23-cv-01260-VBF-KS                                       Date: November 4, 2025

Title      *Ahadi Abu-Al Muhammad v. County of Riverside et al.*

Nearly three weeks have now passed since Plaintiff's deadline to file his TAC and Plaintiff has not done so.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." Thus, the Court could properly recommend dismissal of the action for Plaintiff's failure to comply with the Court's September 15, 2025 Order granting leave to amend.

However, in the interests of justice, Plaintiff is **ORDERED TO SHOW CAUSE on or before December 4, 2025**, why the Court should not recommend that the action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff's response to this Order to Show Cause must include a complete TAC that fully complies with the Local Rules, Federal Rules of Civil Procedure, and this Court's orders. In light of the multiple delays caused by Plaintiff in this case, **the court does not anticipate granting *any* further extensions of time absent extraordinary circumstances**.

Alternatively, if Plaintiff concludes he is currently unable to comply with the deadlines necessary for prosecuting this action, Plaintiff may discharge this Order and dismiss this case without prejudice by filing a signed document entitled a "Notice of Voluntary Dismissal" requesting the voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**Plaintiff is expressly cautioned that the failure to respond to this Order WILL result in a recommendation of dismissal based on Rule 41 of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

|                      | : |
| -------------------- | -- |
| **Initials of Preparer** | gr |